**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT L. GREER,
<u>Plaintiff-Appellant,</u>

v.

No. 99-1814

KENNETH S. APFEL, Commissioner,
Social Security Administration,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Glen E. Conrad, Magistrate Judge.
(CA-98-585-7)

Submitted: November 30, 1999

Decided: February 8, 2000

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles D. Bennett, Jr., Roanoke, Virginia, for Appellant. James A. Winn, Chief Counsel, Region III, Patricia M. Smith, Deputy Chief Counsel, Connie Hoffman-Healy, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Robert P. Crouch, Jr., United States Attorney, John F. Corcoran, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert L. Greer appeals from the magistrate judge's order granting summary judgment to the Commissioner of Social Security on his claim for certain social security disability benefits. The parties voluntarily consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C.A. § 636(c) (West 1993 & Supp. 1999). We have reviewed the briefs, joint appendix, and administrative record and find no reversible error. Accordingly, we affirm.

On appeal, Greer alleges the following: (1) the magistrate judge erred in his determination that substantial evidence supported the Administrative Law Judge's ("ALJ") decision that Greer was capable of performing a full range of sedentary work at all relevant times; (2) the ALJ improperly relied on the opinion of a non-examining physician over that of Greer's treating physicians; (3) the ALJ failed to consider evidence of Greer's pulmonary impairment; (4) the ALJ failed to properly evaluate his subjective complaints and erred in finding that Greer was not entirely credible; (5) the ALJ erred in not ordering a consultative evaluation to further evaluate Greer's pulmonary impairment; and (6) the ALJ erred in ruling that Social Security Ruling 83-20 and the Court's reasoning in Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995), are inapplicable to this case.

Our review persuades us that the magistrate judge correctly found that the Commissioner's decision denying benefits prior to July 2, 1995, was based on substantial evidence. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Additionally, we find that the ALJ properly weighed the opinions of Greer's treating physicians, see Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996), made a proper credibility finding pursuant to 20 C.F.R. § 404.1529 (1999), and sufficiently considered evidence of Greer's pulmonary impairment. We further hold that the ALJ did not err in not ordering a consultative

2

evaluation to further evaluate Greer's pulmonary impairment and in finding that Social Security Ruling 83-20 and the Court's reasoning in <u>Bailey v. Chater</u> were inapplicable in this case.

Accordingly, we affirm the magistrate judge's order granting summary judgment to the Commissioner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3